Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| OFICINA DE ÉTICA GUBERNAMENTAL<br><br>Recurrida<br><br>v.<br><br>CARLOS JUAN RODRÍGUEZ MATEO<br><br>Recurrente | KLRA202400159 | Revisión procedente de la Oficina de Ética Gubernamental<br><br>Caso núm.: 23-52<br><br>Sobre: Violación al Artículo 4.2, inciso (h), de la Ley Orgánica de la Oficina de Ética Gubernamental de Puerto Rico, Ley 1-2012, según enmendada |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de abril de 2024.

En el contexto de un procedimiento adjudicativo administrativo, la Oficina de Ética Gubernamental ("OEG" o la "Agencia") denegó una solicitud del querellado de relevo de una anotación de rebeldía. Concluimos, como se explica en detalle a continuación, que procede la desestimación del recurso de referencia, pues, en cuanto a la revisión de decisiones administrativas, este Tribunal únicamente tiene jurisdicción para revisar decisiones finales, y el proceso de referencia no ha culminado aún.

I.

Mediante la querella de epígrafe (la "Querella"), presentada en abril de 2023, la Agencia inició un trámite administrativo contra el

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202300889).

Sr. Carlos Juan Rodríguez Mateo (el "Recurrente"). Se le imputó haber autorizado, como administrador de la Administración de Servicios de Salud Mental y Contra la Adicción, unos contratos con su prima hermana, en violación de ley, por no haber "solicitado, ni obtenido, la correspondiente autorización" de la OEG. Se solicitó la imposición de una multa administrativa. El Recurrente contestó la Querella.

A mediados de mayo, la OEG le sometió al Recurrente un *Primer Pliego de Interrogatorio, Requerimiento de Admisiones y Producción de Documentos* (el "Descubrimiento"). Una semana luego, el Recurrente objetó, de manera general, el Descubrimiento; arguyó que el mismo pretendía "violar el principio constitucional a la no autoincriminación". La Agencia respondió.

Además, a finales de junio, el Recurrente presentó una *Moción Solicitando Desestimación*. Arguyó que la Agencia no había "cumplido" con "presentar una prueba clara, robusta y convincente". La Agencia respondió.

Mediante una Orden notificada el 11 de julio (el "Dictamen Anterior"), la OEG denegó las objeciones del Recurrente al Descubrimiento así como la moción de desestimación presentada por este. La Agencia razonó que, "aunque el [Recurrente] tiene derecho a objetar las preguntas cuyas contestaciones entienda puedan lacerar su derecho a la no autoincriminación … mediante la presentación de una objeción general no puede detener todo el proceso de descubrimiento de prueba de forma indiscriminada." La OEG también razonó que lo expuesto por el Recurrente, en cuanto al *quantum* de prueba, era "prematuro", pues el caso todavía está "pendiente de adjudicación"; por tanto, explicó que "el momento oportuno" para plantear dicho asunto es "luego de que la parte querellante desfile su prueba".

El Recurrente intentó, sin éxito, la revisión del Dictamen Anterior ante este Tribunal y ante el Tribunal Supremo de Puerto Rico. En cuanto al Tribunal Supremo, la Resolución inicial se emitió el 23 de octubre y el mandato se emitió el 31 de enero.

Mientras tanto, a mediados de diciembre, la Agencia le anotó la rebeldía al Recurrente. Aunque este hecho surge del récord ante nosotros, resaltamos que el Recurrente no incluyó, como parte del apéndice, los documentos relacionados con el proceso que culminó en la referida anotación de rebeldía, como tampoco incluyó el dictamen de la Agencia al respecto.

De todas formas, el 12 de febrero, el Recurrente le informó a la Agencia que había contestado el Descubrimiento (la "Moción").

El 22 de febrero, la Agencia replicó. Resaltó que al Recurrente se le había anotado la rebeldía, de lo cual el Recurrente no solicitó una oportuna reconsideración. Arguyó que el Recurrente no había mostrado "justa causa por la que no debió anotársele la rebeldía", ni había justificado sus "omisiones de comparecer … cuando fue apercibido de que se le anotaría la rebeldía".

La Agencia también señaló que el Recurrente no había "cumplido con su obligación de satisfacer las sanciones económicas que le fueron impuestas el 23 de octubre de 2023 y el 12 de diciembre de 2023".

Ante lo que caracterizó como la "indiferencia, … despreocupación y … continuos incumplimientos … durante prácticamente todo el proceso", por parte del Recurrente, la Agencia solicitó que no se dejara sin efecto la anotación de rebeldía. Planteó que, como el proceso administrativo nunca fue paralizado, el Recurrente no podía justificar sus "incumplimientos … bajo el pretexto de que estaba recurriendo a tribunales apelativos".

Mediante una Orden notificada el **23 de febrero**, la Agencia denegó la Moción, con lo cual se mantuvo vigente la anotación de rebeldía al Recurrente.

Mientras tanto, en reacción a los planteamientos de la Agencia, el Recurrente presentó, el 23 de febrero, una "Réplica" en la cual, una vez más, solicitó que se le relevara de la anotación de rebeldía.

Mediante una Orden notificada el **26 de febrero** (el "Dictamen"), la Agencia denegó esta "Réplica".

Inconforme, el **27 de marzo**, el Recurrente presentó el recurso que nos ocupa en el cual reproduce lo planteado ante la Agencia. Arguye que "esperar a una determinación final resultaría en una gestión inútil, inefectiva e inadecuada". Disponemos.

## II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd*. Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Por lo tanto, el tribunal no puede intervenir en un recurso

prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Por su parte, nuestra jurisdicción para atender un recurso de **revisión judicial** se limita, como norma general, a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia". 3 LPRA 9672. Asimismo, la Ley de la Judicatura (Ley 201), dispone en su Artículo 4.006 (c) que este Tribunal revisará mediante el recurso de revisión judicial las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas. 4 LPRA sec. 24y; véase, además, Regla 56 de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 56; *A.R.Pe. v. Coordinadora*, 165 DPR 850, 865-66 (2005). Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho ... [y] conclusiones de derecho ...". 3 LPRA 9654; *Comisionado Seguros v. Universal*, 167 DPR 21 (2006); véase, además, *Bennett v. Spear*, 520 US 154 (1997).

Así pues, la disposición **final** de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora. Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno. *Bird Const. Corp. v. A.E.E.,* 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Méd. v. Elías, et al.,* 144 DPR 483 (1997).

Como excepción a la regla de la finalidad, se permite una revisión de una actuación interlocutoria de una agencia cuando esté presente un caso claro de ausencia de jurisdicción de la agencia administrativa. *Junta Examinadora de Tecnólogos Médicos v. Elías,* 144 DPR 483, 491-492 (1997); *Comisionado Seguros v. Universal,* 167 DPR 21, 30 (2006). Así pues, ante una "situación clara de falta

de jurisdicción", es revisable una resolución interlocutoria de la agencia. *Comisionado Seguros, supra* (citando a *Junta Examinadora, supra*, y *Procuradora Paciente v. MCS*, 163 DPR 21 (2004)).

## III.

Concluimos que carecemos de jurisdicción para revisar el Dictamen, pues el mismo claramente no es final. La Agencia no ha adjudicado todavía el caso de referencia; es decir, el mismo no ha concluido. La determinación de la Agencia, de reiterar su anterior determinación denegando dejar sin efecto la anotación de rebeldía al Recurrente, no constituye una determinación que disponga finalmente del trámite de referencia. La Querella no ha sido resuelta todavía. Por lo tanto, no estamos ante un dictamen que haya puesto fin a todas las controversias ante la Agencia, sin dejar pendiente una para ser decidida en el futuro.

Tampoco estamos, ni se ha planteado que estemos, ante un caso en que la Agencia no tenga jurisdicción sobre el asunto de referencia. En realidad, el argumento del Recurrente va dirigido a la forma en que la Agencia ejercitó su discreción adjudicativa general en cuanto a unos incidentes procesales en el curso del trámite administrativo (si procedía conceder una segunda moción de relevo de anotación de rebeldía). Adviértase que la ausencia de jurisdicción que activa la excepción a la aludida regla de finalidad se refiere a la autoridad general para entender en el caso en primera instancia, no a un supuesto error al resolverse un incidente dentro del caso de tal o cual manera.

Por su parte, tampoco tiene razón el Recurrente al plantear que "esperar a una determinación final resultaría en una gestión inútil". Ello porque, si la determinación final le resultase adversa, este podría plantear, en revisión de la misma, el supuesto error de

la Agencia al anotarle la rebeldía o al negarse a relevarle de dicha anotación[2].

En virtud de lo anterior, ante el hecho de que no estamos ante una decisión final que adjudique la Querella, y ante el hecho de que la Agencia claramente tiene jurisdicción para considerar y adjudicar la misma, procede la desestimación del recurso de referencia por ausencia de jurisdicción.  Por supuesto, si la eventual decisión final que tome OEG fuese adversa al Recurrente, este podrá señalar todo error que a su juicio se haya cometido durante el proceso a través de un oportuno recurso de revisión judicial.

IV.

Por los fundamentos que anteceden, se desestima el presente recurso por falta de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Aun si, erróneamente, concluyéramos que sí tenemos jurisdicción, el Recurrente no nos ha colocado en posición de determinar si la Agencia habría errado al denegar, por al menos una **segunda vez**, su solicitud de relevo de anotación de rebeldía.   Adviértase que, aun si este tipo de decisión fuese revisable interlocutoriamente: (i) la decisión de anotar la rebeldía se notificó en diciembre, sin que el Recurrente planteara objeción a ello hasta febrero; (ii) hubo una primera denegatoria del relevo pretendido, la cual se notificó **más de treinta días antes de presentado el recurso de referencia**; y (iii) el Recurrente no incluyó junto con su recurso todos los anejos necesarios para evaluar los méritos de su planteamiento.